# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MIGUEL RAMOS MEZA, | Case No. 2:18-cv-00660-APG-VCF |
| Petitioner, | |
| v. | **ORDER GRANTING INJUNCTIVE RELIEF** |
| KIRSTJEN M. NIELSEN, et al., | (ECF No. 2) |
| Respondents. | |

Plaintiff Miguel Ramos Meza moves for an order enjoining the Government from removing him from the United States until he receives a final decision on his U-Visa petition. ECF No. 2. At present, his Form I-290B Notice of Appeal is pending. *Id.* at 4. The Government responds that I have no jurisdiction to grant the requested relief. The Government also contends that the motion for injunctive relief is moot because the Department of Homeland Security's policy is to not deport until the U-Visa appeal is finally resolved. ECF No. 7 at 1. The Government also requests additional time to brief the relevant issues. But the Government does not explain why Meza was detained and remains detained. And the DHS's policy not to deport is not sufficient grounds to deny temporary injunctive relief. Thus, I will grant the motion for temporary injunctive relief to ensure that Meza remains in the country while we sort out the question of my jurisdiction.

Meza is administratively appealing the denial of his Form I-192 Application for Advance Permission to Enter as a Nonimmigrant. ECF No. 1 at 6. His application is based on his status as husband and derivative beneficiary of his wife's U-Visa application, which was approved on September 19, 2016. *Id.* His wife is on a waiting list for the U-Visa due to the limited availability of U-Visas. Meza was detained by Immigration and Customs Enforcement (ICE) on April 9, 2018 when he appeared for his regular check-in with ICE. ICE officials told Meza he would be deported on April 12 or 13, 2018, which led to his filing a habeas petition and motion for injunctive relief.

A "federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). Additionally, the court has the power to issue orders to maintain the status quo while it makes that determination. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief.").

The Government states that it will not deport Meza while his appeal is pending. That assertion is scant comfort to Meza, who has been threatened with deportation by ICE officials and remains in custody despite the policy not to deport until final adjudication of the visa appeal. "Generally, a case should not be considered moot if the defendant voluntarily ceases the allegedly improper behavior in response to a suit, but is free to return to it at any time." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900–01 (9th Cir. 2007) (quotation omitted); *see also Friends of the Earth, Inc. v. Laidlaw Envir. Servs. (TOC), Inc.*, 528 U.S. 167, 174 (2000) ("A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case."). Thus, I will not deny Meza's motion for injunction simply because the Government's lawyers say Meza will not be deported just yet.

Meza would suffer irreparable harm if he is deported or remains in custody before his appeal is completed. Meza has several children in the United States and is his family's primary financial support. His mother-in-law has been diagnosed with cancer, and his wife travels to California to take care of her, leaving Meza the sole caretaker for their children. Keeping Meza from his family will therefore cause him irreparable harm.

Because the Government claims it will not deport Meza at this time, entering an injunction against such a deportation will not prejudice the defendants in any way. On the other hand, denial of the injunction could impose irreparable harm on Meza as he may be deported without a final decision on his appeal. Thus, the balance of hardships favors Meza. The public interest favors allowing petitioners like Meza to complete their appeal process before deportation. I will enter this temporary injunction to preserve the status quo while the parties brief the issue of my jurisdiction.

Because Meza is in custody, it is important to resolve these issues quickly. By **9:00 a.m. on Thursday, April 19, 2018**, the Government shall file a brief explaining why I have no jurisdiction to enter injunctive relief (including ordering Meza released from detention) and to resolve Meza's habeas petition. The Government will also address why I should not convert this temporary restraining order into a preliminary injunction. The parties will appear for oral argument on the motion for preliminary injunction on **Thursday, April 19, 2018 at 3:00 p.m.** in Las Vegas Courtroom 6C. However, if the Government releases Meza from custody, I will give the Government more time to file its brief and I will delay the hearing on the motion. In that case, the parties should confer about the briefing and hearing schedule and submit either a stipulation or joint motion with proposed alternatives. But if Meza remains in custody, this briefing schedule will remain in force and the hearing will commence on April 19 at 3:00 p.m.

IT IS THEREFORE ORDERED that the defendants shall not deport or otherwise remove plaintiff Miguel Ramos Meza from the United States pending further order of this court.

DATED this 13th day of April, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE