# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MIGUEL RAMOS MEZA,<br><br>Petitioner,<br><br>v.<br><br>KIRSTJEN M. NIELSEN, et al.,<br><br>Respondents. | Case No. 2-18-cv-00660-APG-VCF<br><br>**ORDER (1) DENYING MOTION TO EXTEND TIME AND MOTION FOR INJUNCTIVE RELIEF, (2) DENYING PETITIONS FOR HABEAS CORPUS, AND (3) GRANTING TEMPORARY STAY FOR THE LIMITED PURPOSE OF OBTAINING A STAY PENDING APPEAL FROM THE NINTH CIRCUIT**<br><br>(ECF Nos. 1, 2, 12, 14) |

Pending before me court are Miguel Ramos Meza's original petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), his emergency motion for stay of removal and for temporary restraining order and for preliminary injunction (ECF No. 2), his motion to extend time (ECF No. 12), and his amended petition for writ of habeas corpus (ECF No. 14). I previously ordered the Government not to deport Ramos Meza while I resolved whether I have jurisdiction over this case. ECF No. 8. The parties filed various briefs and I conducted a hearing on April 19, 2018. At the end of the hearing, I orally extended my "no deportation" order while I further considered the parties' briefs and arguments.

I now deny Ramos Meza's motions to extend time and for injunctive relief. I lack jurisdiction to grant the relief requested in the original petition to release Ramos Meza from custody and to stay his final order of removal. I therefore dismiss the original petition for lack of jurisdiction. However, I have jurisdiction over the claim in Ramos Meza's amended petition, which asserts that his due process rights would be violated if he were removed from the country while his motion to reopen his removal proceedings is pending before the Board of Immigration Appeals (BIA). Although I have jurisdiction, Ramos Meza has not shown a likelihood of success on this claim because he does not have a liberty or property interest in the discretionary decision

1

of the BIA to *sua sponte* reopen his removal proceedings. Even if he does have a liberty or property interest in his pending motion to reopen his removal proceedings, he has a meaningful opportunity to be heard because (1) there is no allegation that he will be tortured or killed if removed to Mexico such that his removal while his motion is pending would deny him the ability to resort to available process, and (2) he can pursue that motion even after he is removed from the United States because the BIA cannot apply the departure bar in 8 C.F.R. § 1003.3(d) to a person who is involuntarily removed from the United States. As a result, Ramos Meza has not shown a likelihood of success on his claim that removing him before his motion to reopen is adjudicated would deprive him of due process. Because the stay of removal pending adjudication of his motion to reopen is the relief Ramos Meza seeks through his amended petition, I deny the petition because, as a matter of law, he is not entitled to the relief he seeks.

I will grant a limited continuation of my "no deportation" order for the sole purpose of allowing Ramos Meza time to request a stay pending appeal from the Ninth Circuit Court of Appeals.

**Procedural History**

The parties are familiar with the procedural background and it is set out in the respondents' April 19 response. ECF No. 19. Ramos Meza became subject to a final order of removal from the United States. He petitioned the court of appeals both for review of the final order of removal and for review of the BIA's decision not to reopen proceedings. The court of appeals denied the petition for review of the final order of removal and granted the petition for review of the denial of the motion to reopen. The court of appeals remanded to the BIA for reconsideration of Ramos Meza's motion to reopen. *Meza v. Holder*, 544 F. App'x 716 (9th Cir. 2013).

Ramos Meza's wife applied for a visa under 8 U.S.C. § 1101(a)(15)(U)(i) ("U visa") because she was a victim of a crime. On September 19, 2016, that application was approved. She is on a waiting list for an actual U visa because of the statutory annual cap on the number of U visas that may be issued.

Ramos-Meza applied for a U visa under 8 U.S.C. § 1101(a)(15)(U)(ii)(II), as the spouse of a victim of criminal activity. As a spouse, Ramos Meza needs to demonstrate that he is admissible to the United States. 8 C.F.R. § 214.14(f)(1)(ii). But he is not admissible, due to the final order of removal. However, he requested a waiver of inadmissibility by filing Form I-192, Application for Advance Permission to Enter as a Non-Immigrant, in accordance with 8 C.F.R. § 212.17. 8 C.F.R. § 214.14(f)(3)(ii). The Form I-192 was denied on February 15, 2017. A motion to reconsider the denial of the Form I-192 was denied on September 12, 2017. Ramos Meza filed a Form I-290B, Notice of Appeal or Motion, on October 16, 2017, which was denied on April 18, 2018 (dated to be entered on April 23, 2018).

Meanwhile, the BIA (in the proceedings remanded from the court of appeals) again denied Ramos Meza's motion to reopen. He petitioned the court of appeals for review of that denial, but the court of appeals denied it. Of note to the current petition, the court of appeals held:

> 2. The BIA did not mischaracterize as a negative factor Ramos's potential eligibility for derivative U visa relief. Rather, the BIA acknowledged that Ramos's potential eligibility for such relief was a favorable factor, but appropriately noted the mitigating fact that the U visa application at issue "was submitted some 14 years after the events underlying the wife's potential for a U visa." *See* 8 C.F.R. § 1003.2(c)(1) (2017) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing...."); *INS v. Doherty*, 502 U.S. 314, 323–25, 112 S. Ct. 719, 116 L.Ed.2d 823 (1992).
>
> 3. Likewise, the BIA did not abuse its discretion by reasoning that Ramos's pattern of misrepresentation continued even after his true citizenship was exposed at the removal hearing. In his supplemental U visa application, Ramos falsely indicated that he had not misrepresented a material fact for the purpose of obtaining an immigration benefit.

*Meza v. Sessions*, 710 F. App'x 759, 760 (9th Cir. 2018).

On April 9, 2018, Ramos Meza was taken into custody pending removal, and was told he would be removed on April 12 or April 13, 2018. He then commenced this action, asking the court to order him released from custody and to enjoin the Government from enforcing the final administrative removal order. Because Ramos Meza was in custody and facing imminent removal, I granted a temporary restraining order preventing his removal while I determined whether I had jurisdiction in this matter. I ordered the Government to file a response by the

3

morning of April 19 and set the hearing for that afternoon. A few hours after the Government filed its response, Ramos Meza filed a reply, a motion to extend time, and an amended petition.

At the end of the April 19 hearing, I took the matter under submission and converted the temporary restraining order into a preliminary injunction while I sorted out whether I have jurisdiction.

## Discussion

### A. The Original Petition

I lack jurisdiction over the original petition's request for release from detention and for a stay of the final order of removal. I lack jurisdiction to issue a writ of habeas corpus to stop execution of an order of removal:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). Judicial review, to the extent that it exists, is a matter for the court of appeals, not this court:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e). For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5).

Ramos Meza alleges that taking him into custody and removing him from the United States violates a memorandum of United States Immigration and Customs Enforcement, dated September 24, 2009, titled "Guidance: Adjudicating Stay Requests Filed by U Nonimmigrant Status (U-visa) Applicants." The memorandum refers, in relevant part, to this regulation:

> An alien who is the subject of a final order of removal, deportation, or exclusion is

4

> not precluded from filing a petition for U–2, U–3, U–4, or U–5 nonimmigrant status directly with USCIS. The filing of a petition for U–2, U–3, U–4, or U–5 nonimmigrant status has no effect on ICE's authority to execute a final order, although the alien may file a request for a stay of removal pursuant to 8 CFR 241.6(a) and 8 CFR 1241.6(a). If the alien is in detention pending execution of the final order, the time during which a stay is in effect will extend the period of detention (under the standards of 8 CFR 241.4) reasonably necessary to bring about the alien's removal.

8 C.F.R. § 214.14(f)(2)(ii). However, the memorandum disclaims it creates legal rights. The applicable regulation states that Ramos Meza's pending derivative U visa application has no effect on the Government's authority to remove him.

Further, Ramos Meza's application for waiver of inadmissibility has been finally adjudicated with the denial of the motion to reopen on April 18, 2018. Although Ramos Meza argued at the hearing that he can file another motion to reopen, and indeed can file an unlimited number of motions to reopen, that does not change the analysis here. As already stated, the applicable regulation does not preclude the Government from removing Ramos Meza while his U visa application and request for waiver of inadmissibility are pending. I reject the implication of Ramos Meza's argument that he is entitled to a stay of removal every time he files a motion to reopen his application for a U visa because there would be no end to that process, given there is no limit to the number of times a U visa applicant may file a motion to reopen.

In sum, I do not have jurisdiction to order Ramos Meza released from detention or to stay execution of a final order of removal. I therefore deny Ramos Meza's motion for a stay because he has shown no likelihood of success on his claims in his original petition, and I deny the original petition for lack of jurisdiction.

**B. The Amended Petition**

Ramos Meza's amended petition states that he has filed a motion to reopen his removal proceedings before the BIA based on his claim that he is eligible for cancellation of removal because he can now show ten years of good moral character. I have jurisdiction over this matter under the reasoning set forth in *Singh v. Gonzales*, 499 F.3d 969, 979 (9th Cir. 2007) and *Sied v. Nielsen*, No. 17-CV-06785-LB, 2018 WL 1142202, at *12 (N.D. Cal. Mar. 2, 2018). Ramos Meza's amended petition based on his motion to reopen before the BIA is not a direct challenge

to his final order of removal because "(1) the grounds for the petition arose only after the removal order was entered, and (2) the relief sought by the petition is only to have a 'day in court,' i.e., to be heard, at a subsequent proceeding challenging the underlying removal order (as opposed to a habeas petition that itself directly challenges the merits of the removal order)." *Sied*, 2018 WL 1142202, at *12.[1]

While I conclude I have jurisdiction, that does not mean Ramos Meza is entitled to the injunctive relief he requests. To determine whether it is appropriate to stay removal pending adjudication of his motion to reopen the removal proceedings, I consider the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quotation omitted). Whether to grant a stay lies within my discretion and is a case-by-case determination. *Id.* The party requesting a stay "bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.*

A due process violation requires a showing that Ramos Meza "has been deprived of a protected interest in property or liberty." *K.W. ex rel. D.W. v. Armstrong*, 789 F.3d 962, 972 (9th Cir. 2015) (quotation omitted). "To have a property interest in a benefit, a person must have a legitimate claim of entitlement to it . . . ." *Id.* (quotation omitted). Ramos Meza has not shown he has a legitimate claim of entitlement to the discretionary decision of the BIA to *sua sponte* reopen removal proceedings.[2] And he has not identified a protected liberty interest in remaining in the United States while his motion for the BIA to *sua sponte* reopen (based on something other than changed conditions in the country of removal) is adjudicated.

---

[1] I recognize the Government has not had an opportunity to respond to this jurisdictional argument. Because I ultimately rule in the Government's favor, it is not prejudiced and can argue jurisdiction if Ramos Meza appeals.

[2] Ramos Meza's motion to reopen is not the statutory right to a one-time motion to reopen within 90 days of entry of a final administrative order of removal under 8 U.S.C. § 1229a(c)(7)(A).

Even if he has a protected liberty interest, he has not shown that removal would deprive him of an opportunity to be heard. *See Buckingham v. Sec'y of U.S. Dep't of Agr.*, 603 F.3d 1073, 1082 (9th Cir. 2010) ("The base requirement of the Due Process Clause is that a person deprived of property be given an opportunity to be heard at a meaningful time and in a meaningful manner." (quotation omitted)). Unlike the petitioner in *Sied*, Ramos Meza has not alleged or shown that he would be subject to torture or death if removed to Mexico such that he would be unable to pursue his motion from there. *See Sied*, 2018 WL 1142202, at *26. Further, the Ninth Circuit has held that an involuntary departure cannot form the basis of denying a motion to *sua sponte* reopen under the "departure bar" in 8 C.F.R. § 1003.2(d). *See Medina v. Holder*, 542 F. App'x 621, 623 (9th Cir. 2013) (and cases cited therein).[3]

Ramos Meza thus has not shown a likelihood of success on the merits of the question of whether he is "being held in custody in violation of his constitutional (or other federal) rights." *Harvest v. Castro*, 531 F.3d 737, 741 (9th Cir. 2008). He also has not shown irreparable harm because he can continue to pursue his motion to reopen from Mexico.

> Although removal is a serious burden for many aliens, it is not categorically irreparable . . . . Aliens who are removed may continue to pursue their petitions for review, and those who prevail can be afforded effective relief by facilitation of their return, along with restoration of the immigration status they had upon removal.

*Nken*, 556 U.S. at 435. I therefore deny his request for further temporary or permanent injunctive relief. The amended petition seeks only a stay of removal pending adjudication of the motion for the BIA to *sua sponte* reopen. Because Ramos Meza is not entitled to that relief as a matter of law, I deny the amended petition.

**C. Stay Pending Appeal**

Under Federal Rule of Appellate Procedure 8(a)(1), a party seeking a stay pending appeal ordinarily must first file the motion in the district court. Given the time-sensitive issues in this

---

[3] If the departure bar could apply to Ramos Meza, he may have a stronger due process claim. I need not address the possibility because the Ninth Circuit has indicated the departure bar does not apply to someone who has filed a motion to *sua sponte* reopen but who is then involuntarily removed from the country.

7

case, I will not put Ramos Meza to the task of first seeking a stay pending appeal in this court. I deny any such request. However, I will grant a brief continuation of my preliminary injunction order for the sole purpose of giving Ramos Meza time to move for a stay pending appeal from the Ninth Circuit. *See* Fed. R. Civ. P. 8(a)(2). Thus, my "no deportation" injunction will remain in place until April 27, 2018.

### D. Certificate of Appealability

Because Ramos Meza's petition is brought pursuant to 28 U.S.C. § 2241, no certificate of appealability is required. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008).

### Conclusion

IT IS THEREFORE ORDERED that petitioner's emergency motion for stay of removal and for temporary restraining order and for preliminary injunction **(ECF No. 2) is DENIED**.

IT IS FURTHER ORDERED that petitioner's motion to extend time to reply **(ECF No. 12) is DENIED**.

IT IS FURTHER ORDERED that petitioner's original petition **(ECF No. 1)** and amended petition **(ECF No. 14) are DENIED**.

IT FURTHER IS ORDERED that the preliminary injunction prohibiting the United States from removing petitioner Miguel Ramos Meza from the United States is extended until April 27, 2018, for the sole purpose of allowing Ramos Meza time to move for a stay pending appeal from the Ninth Circuit.

DATED: April 20, 2018

ANDREW P. GORDON
United States District Judge